J-S09044-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| DARYL PITTS, | |
| Appellant | No. 2124 EDA 2016 |

Appeal from the PCRA Order June 21, 2016
in the Court of Common Pleas of Philadelphia County
Criminal Division at Nos.: CP-51-CR-1206131-1997
CP-51-CR-1206141-1997

BEFORE:  SHOGAN, J., STABILE, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED APRIL 04, 2017**

Appellant, Daryl Pitts, appeals *pro se* from the June 21, 2016 order dismissing his fourth serial petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546, as untimely.  We affirm.

We take the factual and procedural history in this matter from our review of the certified record.  On June 16, 1999, a jury convicted Appellant of burglary, theft, and robbery.[1]  October 27, 1999, Appellant was sentenced to an aggregate term of not less than thirty nor more than sixty years' imprisonment.  This Court affirmed his conviction on November 6, 2000, and our Supreme Court denied his petition for allowance of appeal on April 16,

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] *See* 18 Pa.C.S.A. §§ 3502, 3921, and 3701, respectively.

2001. (**See Commonwealth v. Pitts**, 768 A.2d 886 (Pa. Super. 2000), *appeal denied*, 775 A.2d 805 (Pa. 2001)).

Appellant filed his first PCRA petition on June 4, 2001. On January 30, 2002, the PCRA court dismissed the petition as meritless and permitted counsel to withdraw. This Court remanded the matter, concluding that counsel's **Finley**[2] letter did not address all of Appellant's issues. (**See Commonwealth v. Pitts**, No. 552 EDA 2002, unpublished memorandum at *9 (Pa. Super. filed Nov. 14, 2002)). The PCRA court appointed new counsel, who filed an amended petition addressing Appellant's concerns, which the PCRA court dismissed on May 7, 2004. This Court affirmed the dismissal on August 25, 2005, and our Supreme Court denied Appellant's petition for allowance of appeal on May 31, 2006. (**See Commonwealth v. Pitts**, 884 A.2d 251 (Pa. Super. 2005), *appeal denied*, 899 A.2d 1123 (Pa. 2006)).

Thereafter, Appellant filed a second PCRA petition on June 11, 2013, which the PCRA court dismissed as untimely. This Court affirmed the dismissal on February 25, 2015. (**See Commonwealth v. Pitts**, 120 A.3d 392 (Pa. Super. 2015) (unpublished memorandum)). Appellant filed his third PCRA petition on August 13, 2015, which the court dismissed as untimely. Appellant did not appeal.

---

[2] **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*); **see also Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988).

Appellant filed the instant PCRA petition on March 23, 2016. The PCRA court issued notice of intent to dismiss on June 1, 2016. *See* Pa.R.Crim.P. 907(1). Appellant responded on June 21, 2016. The PCRA court dismissed the petition as untimely on June 21, 2016. This timely appeal followed.[3]

Appellant raises two issues on appeal:

> I. Was it PCRA court error to summarily dismiss the PCRA [petition] in light of the announcement by the United States Supreme Court [in] *Montgomery v. Louisiana*[, 136 S.Ct. 718 (2016)]?
>
> II. Was the "[*Commonwealth v.* ]*Lawson*[, 549 A.2d 107 (Pa. 1988)]" miscarriage of justice standard of the PCRA available to the Appellant for relief under the provisions at 42 Pa.C.S.A. § 9545(b)?

(Appellant's Brief, at 4) (most capitalization omitted).

We begin by addressing the timeliness of Appellant's instant PCRA petition.

> Crucial to the determination of any PCRA appeal is the timeliness of the underlying petition. Thus, we must first determine whether the instant PCRA petition was timely filed. The timeliness requirement for PCRA petitions is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition. The question of whether a petition is timely raises a question of law. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review plenary.
>
> A PCRA petition is timely if it is "filed within one year of the date the judgment [of sentence] becomes final." 42 Pa.C.S.A. § 9545(b)(1). "[A] judgment [of sentence] becomes final at the

---

[3] The PCRA court did not order Appellant to file a statement of errors complained of on appeal. *See* Pa.R.A.P. 1925(b). It issued an opinion on July 8, 2016. *See* Pa.R.A.P. 1925(a).

conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). . . .

*Commonwealth v. Brown*, 141 A.3d 491, 499 (Pa. Super. 2016) (case citations and some quotation marks omitted). Furthermore, "[a]lthough legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto." *Commonwealth v. Fahy*, 737 A.2d 214, 223 (Pa. 1999) (citation omitted).

Here, Appellant's judgment of sentence became final on July 15, 2001, ninety days after our Supreme Court denied his petition for allowance of appeal and Appellant did not petition the United States Supreme Court for a writ of *certiatori*. **See** 42 Pa.C.S.A. § 9545(b)(3); U.S. Sup. Ct. R. 13. Appellant therefore had until July 15, 2002 to file a timely PCRA petition. **See** Pa.C.S.A. § 9545(b)(1). He filed the instant petition on March 23, 2016. Thus, it was patently untimely.

An untimely PCRA petition may be considered if one of the following three exceptions applies:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in

this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)–(iii); *see Brown*, *supra* at 500. If an exception applies, a petitioner must file the PCRA petition "within [sixty] days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2). "[Our Supreme] Court has repeatedly stated it is the appellant's burden to allege and prove that one of the timeliness exceptions applies." *Commonwealth v. Hawkins*, 953 A.2d 1248, 1253 (Pa. 2008) (citation omitted).

Here, Appellant claims the applicability of the newly recognized constitutional right exception to the PCRA time bar. (*See* Appellant's Brief, at 7, 11-15); 42 Pa.C.S.A. § 9545(b)(1)(iii). Specifically, he alleges that the United States Supreme Court's decision in *Montgomery*, *supra* (holding that *Miller v. Alabama*, 132 S.Ct. 2455 (2012), should be applied retroactively), mandated retroactive application of *Alleyne v. United States*, 133 S.Ct. 2151 (2013). (*See* Appellant's Brief, at 7, 11-15). We disagree.

"[A] new rule of constitutional law is applied retroactively to cases on collateral review only if the United States Supreme Court or the Pennsylvania Supreme Court specifically holds it to be retroactively applicable to those cases." *Commonwealth v. Whitehawk*, 146 A.3d 266, 271 (Pa. Super. 2016) (citation omitted). Neither Court has held that *Alleyne* is applied retroactively. Rather, our Supreme Court recently issued an opinion in *Commonwealth v. Washington*, 142 A.3d 810 (Pa. 2016),

wherein it held "*Alleyne* does not apply retroactively to cases pending on collateral review." *Washington*, *supra* at 820.

Here, Appellant's argument that the decision of the United States Supreme Court in *Montgomery*, *supra*, causes *Alleyne* to be applied retroactively is meritless. In *Montgomery*, the Supreme Court held "*Miller* announced a substantive rule that is retroactive in cases on collateral review." *Montgomery*, *supra* at 732. Its decision did not concern *Alleyne*. Thus, Appellant has not met his burden of proving that *Alleyne* set forth a new constitutional right that is applicable retroactively to cases on collateral review. *See* 42 Pa.C.S.A. § 9545(b)(1)(iii).

Accordingly, we conclude that Appellant has not met his burden of proving that his untimely PCRA petition fits within one of the three exceptions to the PCRA's time bar. *See Hawkins*, *supra* at 1253; *Fahy*, *supra* at 223. Therefore, we affirm the order of the PCRA court.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/4/2017